IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALBERT BRANCH, on behalf of himself )
and others similarly situated, )
  )
               Plaintiffs, )
  )
v. )      Civil Action No.:
  )
CENTRAL FREIGHT LINES, INC., )
  )
               Defendant. )      JURY DEMANDED
_____)

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Albert Branch, on behalf of himself and similarly situated individuals, hereby sues Central Freight Lines, Inc. and in support thereof alleges as follows:

### Jurisdiction, Parties and Venue

1.     Plaintiff Albert Branch ("Branch") brings this action against Defendant Central Freight Lines, Inc. ("Central"), to remedy civil rights violations in the form of age discrimination in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* (the "ADEA"), and the Florida Civil Rights Act of 1992 (the "FCRA").

2.     Branch is a resident of Winter Springs, Seminole County, Florida.

3.     Central is a corporation with its principal place of business in Fort Worth, Texas doing business in Orlando, Orange County, Florida.

4.     The acts complained of herein occurred in Seminole County, Florida.

5.     This is an action for equitable relief, including injunctive relief, and damages in excess of $15,000.00.

6.     Jurisdiction is proper in this Court pursuant to 28 USC §§ 1331 and 1343. Venue is proper in this Court pursuant to 28 USC § 1391 (b), because a substantial part of the events or omissions alleged herein occurred in this district.

### General Facts

7.     Branch was employed by Central's predecessor, Wilson Trucking, beginning on or about June 16, 1969. When Central purchased Wilson Trucking, Branch became an employee of Central.

8.     Branch was terminated without prior notice on or about August 25, 2017. He was 66 years of age at the time of his termination. His position was Manager of Loss Prevention.

9.     The reason given for Branch's termination was that Central was conducting a reduction-in-force ("RIF").

10.     Central offered Branch a severance payment of two (2) weeks of pay in exchange for a release of claims, including any age claims.

11.    The severance and release agreement only gave Branch 21 days to consider the terms and conditions of the agreement, not the 45 days required under the Older Workers Benefits Protections Act (the "OWBPA").

12.    The severance agreement and release also did not include the OWBPA-required information, including a list of the individuals released, eligibility factors considered, and the job titles and ages of individuals eligible or selected for the RIF and of those not eligible or selected as required. 29 U.S.C. § 626(f)(1)(H).

13.    Central also violated the OWBPA and, hence, the ADEA, by attempting to use waivers to insulate itself from ADEA liability arising out of its discriminatory termination program.   Specifically, Central offered Branch and other similarly situated individuals two (2) weeks of pay as severance in exchange for a release of their claims under the ADEA without providing the requisite information for them to evaluate whether a release would be appropriate.

14.    After a letter from Branch's attorney, Central eventually sent Branch some, but not all, of the relevant information regarding the RIF.

15.    The information Central sent indicated that of the 14 individuals terminated through the RIF, 13 were over the age of 40, and 12 were over the age of 50.

16.    On information and belief, the individual or individuals who assumed Branch's duties and responsibilities were younger than he was.

17.     Throughout Branch's tenure with Central, his performance was above satisfactory as demonstrated by his 48-year tenure with the company. He was at least as qualified as the younger individual(s) who assumed his duties and responsibilities.

18.     Branch rejected the offer of two (2) weeks of severance pay and attempted to negotiate a higher severance in exchange for a release of his claims, but Central ignored such attempts.

19.     Branch filed a charge with the Equal Employment Opportunity Commission (the "EEOC") and the Florida Commission on Human Relations ("FCHR") within the requisite number of days of his termination required under the ADEA and the FCRA.

### COUNT I:
### Violations of the ADEA as amended by the OWBPA

20.     Branch restates and incorporates herein the allegations in paragraphs 1 through 19 above.

21.     Branch complied with all applicable conditions precedent and exhausted all administrative remedies prior to bringing this action, including: a) filing a Charge of Discrimination ("Charge") with the EEOC within the requisite 300 days of Branch's termination from Central; and b) filing this action within 90 days of his receipt of the EEOC's Dismissal and Notice of Rights on or about September 24, 2018.

22.     At all material times, Branch and others similarly situated to him were "employees" of Central within the meaning of the ADEA.

23.     At all material times, Central was an "employer" within the meaning of the ADEA.

24.     Central terminated Branch and others similarly situated to him because of their age in violation of the ADEA and violated the OWBPA by failing to provide them with the requisite notice in an effort to conceal their discriminatory practices and induce them to release their ADEA claims.

25.     Central's violation of the ADEA, as amended, was willful.

26.     As a result of the foregoing actions by Central, Branch and others similarly situated suffered lost wages and benefits and continue to suffer said losses.

27.     Branch is entitled to recover his attorney's fees, costs and other litigation expenses from Central if he prevails in this action pursuant to the ADEA as amended.

WHEREFORE, Branch requests that this Honorable Court enter judgment in his favor and against Central:

A.     Taking jurisdiction over this action;

B.     Permitting Branch to notify similarly situated individuals of their right to opt-in to this lawsuit as plaintiffs and permitting this suit to proceed as a collective action;

C.      Declaring that Central violated the ADEA and OWBPA thereby invalidating any release of claims Central received from individuals similarly situated to Branch;

D.      Declaring that Central's violations were willful and not in good faith;

E.      Enjoining Central from enforcing invalid waivers and from engaging in any future termination plan without complying with the OWBPA requirements;

F.      Awarding Branch and others similarly situated to him the amount of their back pay and benefits for a period of up to three years due to Central's willful violations of the law;

G.      Reinstating Branch and others similarly situated to him with full seniority and benefits as though they had not been terminated or, alternatively, awarding Branch and others similarly situated to him front pay and benefits;

H.      Awarding Branch and others similarly situated to him liquidated damages in an amount equal to the compensation awarded due to Central's lack of good faith

I.      Awarding Branch and others similarly situated to him pre-judgment and/or post-judgment interest as warranted;

J.      Awarding Branch and others similarly situated to him costs and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b); and

K.      Awarding such other relief as the Court deems just and proper.

## COUNT II:
## Violations of the FCRA

28.    Branch restates and incorporates herein the allegations in paragraphs 1 through 19 above.

29.    Branch complied with all applicable conditions precedent and exhausted all administrative remedies prior to bringing this action, including: a) filing a Charge of Discrimination ("Charge") with the EEOC within the requisite 300 days of Branch's termination from Central; and b) and b) filing this action within 90 days of his receipt of the EEOC's Dismissal and Notice of Rights on or about September 24, 2018.

30.    At all material times, Branch was an "employee" of Central within the meaning of the FCRA.

31.    At all material times, Central was an "employer" within the meaning of the FCRA.

32.    Central terminated Branch's employment because of his age in violation of the FCRA.

33.    Central's actions were taken with malice or reckless indifference to Branch's statutorily protected rights.

34.    As a result of the foregoing actions, Branch suffered lost wages and benefits, damage to his future earning ability, professional reputation and career, and other intangible injuries.

35.     Branch is entitled to recover his attorney's fees, costs and other litigation expenses from Central if he prevails in this action pursuant to the FCRA.

WHEREFORE, Branch requests that this Honorable Court enter judgment in his favor and against Central:

A.     Taking jurisdiction over this action;

B.     Declaring that Central violated the FCRA and that Central's violations were willful and not in good faith;

C.     Awarding Branch the amount of his back pay and benefits;

D.     Ordering Central to reinstate Branch with full seniority and benefits as though he had not been terminated or, alternatively, awarding Branch front pay and benefits;

E.     Awarding Branch compensatory damages;

F.     Awarding Branch punitive damages;

G.     Awarding Branch costs and reasonable attorney's fees pursuant to § 760.11, Fla. Stat. (2013);

H.     Awarding pre-judgment and/or post-judgment interest as appropriate; and

I.      Awarding such other relief as it deems just and proper.

**Demand for Jury Trial**

36.     Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 20th day of December, 2018.

THE SHARMAN LAW FIRM LLC

/s/*Paul J. Sharman*
Paul J. Sharman
Florida Bar No. 1008366

Paul J. Sharman
The Sharman Law Firm LLC
11175 Cicero Dr., Suite 100
Alpharetta, Georgia 30022

Tel: (678) 242-5297
Fax: (678) 802-2129
paul@sharman-law.com

SALTER THOMPSON LAW, P.C.

/s/ *Amanda S. Thompson*
Amanda S. Thompson
Admission *Pro Hac Vice* To Be
Applied For

Amanda S. Thompson
Salter Thompson Law, P.C.
2860 Piedmont Road
Suite 215
Atlanta, Georgia 30305

Tel:  (404) 247-0107
Fax:  (404) 920-4342
amanda@stlaborlaw.com