IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALBERT BRANCH, on behalf of )
Himself and others similarly situated, )
                                  )
      Plaintiffs, )
                                    )      Civil Action No.
v. )      Case No.:  6:18-cv-02185-JA-DCI
                                    )
CENTRAL FREIGHT LINES, INC., )
                                    )
      Defendant. )

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

For Central Freight Lines, Inc.'s ("Defendant") *Answer and Affirmative Defenses* it states:

### Jurisdiction, Parties and Venue

1.     There are no averments in paragraph 1 to admit or deny, therefore, deny.

2.     Defendant lacks knowledge of the averment in paragraph 2, therefore, deny.

3.     Deny.

4.     Defendant denies that the acts complained of occurred as averred but admits that jurisdiction and venue are proper in this District Court.

5.     Admit for jurisdiction purposes only.

6.     Admit that jurisdiction and venue are proper in this District Court.

### General Facts

7.     Admit.

8.     Deny that Branch was terminated without prior notice but admit all other averments.

9.     Admit.

10.    Admit that Branch was offered a severance payment and that all severance payments to employees released all claims but deny all other averments.

11.    Deny.

12.    Deny.

13.    Deny.

14.    Admit.

15.    Admit.

16.    Deny.

17.    Deny.

18.    Admit.

19.    Admit Plaintiff filed a charge with the E.E.O.C. but deny all other averments.

20.    Defendant repeats all responses noted above as if fully set out at length herein.

21.    Deny.

22.    Admit.

23.    Admit.

24.    Deny.

25.    Deny.

26.    Deny.

27.    Deny.

## Affirmative Defenses

28.    Defendant's affirmative defenses include, *inter alia*: (a) that age was not the "but-for" cause of the challenged employment action; (b) if Plaintiff produces evidence of causation in his case-in-chief, Defendant can articulate a business basis for any decision it has made.

WHEREFORE, Defendant requests complete relief from Plaintiff's Complaint;

Plaintiff's request to notify others he claims are "similarly situated" should be denied because the

prerequisite of Rule 23(a)(1) and 23(b)(1)(A)and(B)of the FRCP, or the FLSA, and the

discretion of this Court.

**RESNICK & LOUIS, P.C.**
***Counsel for Defendant***
444 Brickell Avenue, Suite 300
Miami, FL  33131
Phone: (786) 312-1302
Primary E-mail:bharvell@rlattorneys.com
Secondary E-mails;      maquino@rlattorneys.com

By:      */s/ Brian L. Harvell*
          BRIAN HARVELL, ESQ.
          Florida Bar. No.: 1001026

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and copy of the foregoing has been furnished to all counsel

of record on the attached Service List by ECF this August 19, 2019, and emailed to plaintiff's counsel of

record.

## SERVICE LIST

| | |
|---|---|
| Paul J. Sharman, Esquire<br>The Sharman Law Firm, LLC<br>1175 Cicero Dr.<br>Suite #100,<br>Alpharetta, GA  30022<br>678-242-5297<br><br>paul@sharman-law.com<br><br>Attorney for Plaintiffs | RESNICK & LOUIS, PC.<br>*Attorneys for Defendants,*<br>Macy's, Inc, d/b/a/a Macy's Department Store<br>d/b/a/a/ Macy's Retail Holdings, Inc.,<br>Robert J. Squire, Esq.<br>444 Brickell Avenue #300<br>Miami, FL 33131<br>bharvell@rlattorneys.com<br>maquino@rlattorneys.com |
| Amanda S. Thompson, Esq.<br>Salter Thompson Law, PC<br>2860 Piedmont Road<br>Suite 215<br>Atlanta, GA  30305<br><br>Amanda@stlaborlaw.com<br><br>404-247-0107 | |